**In re: Jerome BERG, Esq., Debtor.**

**Jerome Berg, Esq., Appellant,**

v.

**Charles E. Sims, Trustee; State Bar of California, Appellees.**

No. 00–16168.
BAP No. NC–99–01495–KBR,
Bk. No. 93–32500–SDM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2001.*

Decided Dec. 12, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before CANBY, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM **

The appellant and debtor, Jerome Berg, appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grants of summary judgment to the Trustee, Charles Sims, and to the State Bar of Arizona, and affirming a fee award to the Trustee's attorney, Paul Goldsmith. Because we find Berg's arguments to be totally without merit, we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

■ Berg's claim against Trustee Sims is barred by the res judicata effect of the bankruptcy court's earlier Sale Order, and the appeals therefrom, because (1) the parties are identical; (2) the claim of mishandling the sale of the Newsom Action is the same; and (3) the bankruptcy court resolved the claim by a valid and final judgment on the merits. *See Robertson v. Isomedix, Inc. (In re Int'l Nutronics, Inc.)*, 28 F.3d 965, 969 (9th Cir.1994); *FDIC v. Jenson (In re Jenson)*, 980 F.2d 1254, 1256 (9th Cir.1992).

Berg's alleged "new" evidence was available before the auction and Sale Order. The evidence relates directly to the issue of the alleged mishandling of the Newsom Action sale, which the bankruptcy court conclusively adjudicated in entering the Sale Order. "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992).

■ Berg's challenge to the fees awarded to attorney Goldsmith is based to a large extent on the same contention that the Newsom Action was improperly undervalued. That contention is rendered moot by the auction held at Berg's request. Berg's further challenge to the fee award is without merit. The bankruptcy court declined to award fees for work on the Newsom Action and did not abuse its discretion in awarding approximately seventy-five percent of the requested fees.

■ The bankruptcy court also properly granted summary judgment to the California State Bar. As an arm of the State, the State Bar enjoys Eleventh Amendment immunity from suit. *See*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Hirsh v. Justices of the Supreme Court,* 67
F.3d 708, 715 (9th Cir.1995) (per curiam);
*Lupert v. Cal. State Bar,* 761 F.2d 1325,
1327 (9th Cir.1985). The bankruptcy court
and the BAP properly held that there was
no waiver of immunity; the State Bar
properly preserved its Eleventh Amend-
ment immunity by asserting it as its first
affirmative defense. *See Hill v. Blind In-
dus. & Servs.,* 179 F.3d 754, 758 (9th Cir.
1999).

The judgment of the Bankruptcy Appel-
late Panel is in all respects

AFFIRMED.

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.